ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| BEST WISDOM TECHNOLOGY LIMITED, Recurrida, v. AMERICAN INTERNATIONAL BANK, LLC, Peticionaria. | KLCE202400978 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. Civil núm.: SJ2023CV09056. Sobre: incumplimiento de contrato; cobro de dinero. |
|---|---|---|

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de octubre de 2024.

La parte peticionaria, American International Bank, LLC (Banco), instó este recurso con el fin de que este Tribunal revoque la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual este denegó la solicitud de desestimación de la demanda.

La médula de la controversia gira en torno al foro con jurisdicción para atender la reclamación de la recurrida, Best Wisdom Technology Limited (Best Wisdom), por incumplimiento de contrato y cobro de dinero, en contra del Banco. A la luz de que el Banco está acogido a un plan de liquidación y disolución voluntaria ante la Oficina del Comisionado de Instituciones Financieras de Puerto Rico (OCIF), el Banco propone que el foro con jurisdicción para atender el reclamo de Best Wisdom en su contra es la OCIF y no el Tribunal General de Justicia.

Por los fundamentos que expondremos, denegamos la expedición del auto de *certiorari*.

Número identificador

RES2024_____

I

El 25 de septiembre de 2023, Best Wisdom instó la demanda en este caso[1]. En ella[2], reclamó el pago de ciertos depósitos realizados por Best Wisdom en la institución financiera internacional, American International Bank, LLC[3]. Los primeros dos depósitos nunca aparecieron registrados en la cuenta corporativa de Best Wisdom y, a pesar de solicitar una transferencia electrónica de $1,500,000.00 a su nombre, Best Wisdom no recibió la misma. Por el contrario, el Banco omitió realizar las correcciones solicitadas y tampoco transfirió los fondos pertenecientes a Best Wisdom.

El Banco fue emplazado por edicto y, conforme le autoriza la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, presentó una solicitud de desestimación el 18 de febrero de 2024[4]. En síntesis, adujo que el foro con jurisdicción para atender el reclamo de Best Wisdom era la OCIF[5]. Planteó que, allá para el 4 de diciembre de 2023, el Banco había consumado la renuncia de su licencia para operar como entidad bancaria internacional, por lo que la OCIF había aprobado un *Plan de liquidación y disolución voluntaria*. Conforme a este Plan, la OCIF había designado a un síndico, quien tomaría posesión y control de los activos y pasivos del Banco, con el fin de lograr una liquidación ordenada[6]. A la luz de ello, solicitó la desestimación de la demanda.

Best Wisdom se opuso el 7 de marzo de 2024. Arguyó que la propia OCIF le había informado que carecía de jurisdicción para atender la

---

[1] Inicialmente, el apéndice del recurso no estaba debidamente numerado. No obstante, mediante su *Moción en cumplimiento de orden* presentada el 17 de septiembre de 2024, la peticionaria corrigió el error y sometió un apéndice cuyas páginas están debidamente numeradas. Así pues, en adelante, nos referiremos a ese apéndice enmendado.

[2] *Véase*, apéndice del recurso, a las págs. 1-55. A la demanda se le adjuntó varios documentos en apoyo de las alegaciones.

[3] El Banco estaba autorizado por la OCIF a realizar negocios bancarios en Puerto Rico; ello, conforme a la Ley Núm. 52-1989, según enmendada, conocida como *Ley reguladora del centro bancario internacional*, 7 LPRA sec. 232-232x.

[4] *Véase*, apéndice del recurso, a las págs. 58-84.

[5] *Véase*, Ley Núm. 4-1985, según enmendada, conocida como *Ley de la Oficina del Comisionado de Instituciones Financieras*, 7 LPRA sec. 2001-2021.

[6] El Banco adjuntó a su moción varios documentos, que demostraban la intervención de la OCIF y la designación del síndico.

reclamación civil instada por Best Wisdom en contra del Banco. De hecho, la recurrida adjuntó a su oposición un correo electrónico enviado por el Lcdo. Luis A. Torres Méndez, ayudante administrativo del área de querellas de la OCIF, quien le informó lo siguiente:

> A tenor con lo resuelto por el Tribunal Supremo de Puerto Rico, en el caso Ana Edita Santos de García v. Banco Popular de Puerto Rico, 2007 TSPR 221, donde se indicó que "la relación entre el banco y el adquirente nominado en un certificado de depósito es la de deudor acreedor y ha de regirse por las disposiciones del Código Civil". También dicho caso establece que la Ley de Bancos de Puerto Rico, Ley Núm. 55 de 12 de mayo de 1933, según enmendada, 7 L.P.R.A. Sec. 1 et seq., "solamente reglamenta el aspecto jurídico administrativo de los bancos y no la relación entre el banco y el depositante", Banco Bilbao Vizcaya v. López Montes, res. 26 de agosto de 2006, 168 D.P.R. ____, 2006 TSPR 135; Portilla v. Banco Popular, 75 D.P.R. 100 (1953). **Es debido a este marco jurídico que esta agencia no tiene jurisdicción para evaluar controversias relacionadas a contratos o cuentas de depósito. Dado a que la controversia traída por usted a nuestra atención está relacionada a una cuenta de depósito, dicha situación es una contractual, regida por las disposiciones del Código Civil, por lo que nuestra Oficina está impedida de intervenir en la misma**.

> La jurisdicción de esta Oficina es sobe [*sic*] el aspecto de cumplimiento de las instituciones financieras, y la intervención en contratos de financiamiento donde el legislador a [*sic*] delegado en la agencia la jurisdicción.

Apéndice del recurso, a las págs. 92-93. (Énfasis nuestro).

A la luz de esa contestación a su consulta, Best Wisdom arguyó que la solicitud de desestimación por falta de jurisdicción resultaba improcedente.

El 9 de agosto de 2024, notificada el 12 de agosto, el foro primario declaró sin lugar la solicitud de desestimación del Banco[7].

Inconforme, el Banco compareció ante nos el 11 de septiembre de 2024, e insistió en que el foro con jurisdicción para atender los reclamos de Best Wisdom era la OCIF.

El 24 de septiembre de 2024, Best Wisdom presentó su oposición a la expedición del recurso.

---

[7] *Véase*, apéndice del recurso, a las págs. 94-95.

Evaluadas la petición de *certiorari* y la oposición a su expedición, a la luz del derecho aplicable, denegamos la expedición del auto.

II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

III

Evaluado el recurso a la luz del derecho aplicable, este Tribunal concluye que la parte peticionaria no nos ha persuadido de que el foro primario hubiera incurrido en un craso abuso de discreción o que hubiera actuado con prejuicio o parcialidad, o que se hubiera equivocado en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Por tanto, nuestra intervención en este asunto no se justifica.

IV

A la luz de lo antes expuesto, este Tribunal deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones